IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:03-cr-00081-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MATTHEW ANTONEYO JAMES, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion for Reduced Sentence under the First Step Act of 2018 [Doc. 42].

**I.     BACKGROUND**

In December 2003, the Defendant Matthew Antoneyo James pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count One), and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two). [Doc. 13: Acceptance of Guilty Plea]. At sentencing, the Court accepted the Presentence Report and found that the offense involved 221.8 grams of cocaine base, a quantity that triggered the enhanced penalties of §

841(b)(1)(A). [See Doc. 35: PSR at ¶¶ 26, 78]. Based on that finding, the Defendant faced a statutory range of 10 years to life and a minimum supervised release term of five years as to Count One, as well as a mandatory 60-month consecutive sentence on Count Two. [See id. at ¶¶ 78, 81]. The Court concluded that the Defendant was a career offender and calculated a Guidelines range of 322 to 387 months under the career offender Guideline.[1] [See Doc. 35: PSR at ¶¶ 36, 79 (applying career-offender enhancement)]. Upon the Government's motion to depart downward, the Court imposed a sentence of 260 months, which consisted of 200 months' imprisonment on Count One, followed by a consecutive term of 60 months' imprisonment on Count Two. [See Doc. 36]. The 260-month sentence equaled 81% of the low end of the aggregate Guidelines range. [See Doc. 43: Supp. PSR at 1].

The Defendant now moves for a reduction of sentence under the First Step Act. [Doc. 42]. The Government consents to the requested relief. [Id. at 1].

---

[1] That range consisted of 262 to 327 months on Count One, plus 60 months on Count Two.

2

## II. DISCUSSION

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, the Defendant could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-391. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010

3

(Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

The Defendant is eligible for relief under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition. See United States v. Wirsing, 943 F.3d 175 (4th Cir. 2019). His offense was committed before August 3, 2010; he was subjected to the enhanced statutory penalties under § 841(b)(1)(A); and those statutory penalties were "modified by Section 2 . . . of the Fair Sentencing Act." Further, the Defendant's sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the Defendant pursuant to Section 404 of the First Step Act of 2018. Because the Defendant is eligible for relief, the Court has the discretion under § 404(b) to "impose a reduced sentence" in accord with § 841(b)(1)(B)'s statutory penalties, which provide a statutory minimum term of 5 years' imprisonment, a 40-year maximum term, and a four-year minimum term of supervised release.

Here, the increased statutory maximum for a § 841(b)(1)(A) offense directly increased the Defendant's Guidelines range under the career offender provision. Reducing the statutory maximum from life under § 841(b)(1)(A) to 40 years under § 841(b)(1)(B) decreases the base offense

4

level under the career offender Guideline from 37 to 34 and his aggregate Guidelines range from 322-387 months to 262-327 months. See U.S.S.G. § 4B1.1(c)(3) (sentencing table for career offenders with § 924(c) conviction). A proportionate reduction equal to 81% of the low end of that range produces an aggregate sentence of 212 months (consisting of 152 months' imprisonment on Count One and a consecutive term of 60 months' imprisonment on Count Two).[2]

The Court finds that the Section 3553(a) factors—including, but not limited to, evidence of post-sentencing rehabilitation[3]—support a reduced aggregate sentence of 212 months. As of July 20, 2020, the Defendant has credit for 211 months in BOP custody. [See Doc. 43: Supp. PSR].

Based on the entire record of the case, including the Defendant's disciplinary record with the BOP, the Court in its discretion reduces the Defendant's sentence to an aggregate sentence of 212 months.[4] The

---

[2] The Defendant advocates that the Court make the revised sentencing calculation in accord with the percentage formula set out in USSG §1B1.10 for instances where an amendment to the sentencing guidelines has been made retroactive. The present case, of course, does not involve any such guideline amendment, but rather new statutory guidance. Such calculation is, nonetheless, of some advisory benefit to the Court.

[3] The Court notes that the Defendant has received a few disciplinary actions while in custody. [See Doc. 43: Supp. PSR]. The Defendant, however, has also successfully completed numerous educational programs and work assignments. [Id.].

[4] Because the Court has determined that the Defendant is entitled to relief, the Court need not address the Defendant's contention that he was erroneously classified as a career offender.

Defendant's term of supervised release shall be reduced to a period of four (4) years.

**IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion for Reduced Sentence under the First Step Act of 2018 [Doc. 42] is **GRANTED**, and the Defendant's sentence is hereby reduced to an **aggregate sentence of 212 months** (152 months on Count One, 60 months on Count Two) and the term of supervised release is hereby reduced to a term of **four (4) years**. All other terms and conditions of the Defendant's Judgment [Doc. 36] shall remain in full force and effect.

The Clerk is respectfully directed to prepare an Amended Judgment in accordance with this Order.

The Clerk is further directed to provide copies of this Order to the Defendant, counsel for the Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

**IT IS SO ORDERED.**

Signed: July 27, 2020

Martin Reidinger
Chief United States District Judge